1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    vs.<br><br>LUIS DANIEL ISIDORO,<br><br>                              Defendant. | CASE NO. 13CR394 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to modify, correct or amend sentence filed by Defendant Luis Daniel Isidoro. (ECF No. 34).

**FACTS**

On February 28, 2013, Defendant entered a plea of guilty to an Information charging him with a violation of 8 U.S.C. 1326(a) and (b). Defendant admitted in the Plea Agreement that "On or about September 25, 2009, defendant suffered a felony conviction for Lewd and Lascivious Acts with a Child 14/15, in violation of California Penal Code § 288(C)(1), in the Superior Court of California, County of Orange." (ECF No. 15 at 3).

The Presentence Report concluded that the 2009 prior conviction was a felony conviction for a "crime of violence" with a 16 level increase under U.S.S.G § 2L1.2(b)(1)(A)(ii). Defendant filed an objection on the grounds that the 2009 prior conviction was not a "categorically violent felony." (ECF No. 21). The Government

agreed that the 2009 prior conviction was not categorically a crime of violence and asserted that under the modified categorical approach the judicially noticeable documents show that the Defendant was "convicted of sexual abuse of a minor" which constituted a "crime of violence" under U.S.S.G § 2L1.2(b)(1)(A)(ii). (ECF No. 29 at 4).

On June 17, 2013, this Court held a sentencing hearing and found that the judicially noticeable documents in this case establish that the 2009 conviction for Lewd Act Upon a Child in violation of California Penal Code Section 288(c)(1) qualifies under the modified categorical approach as a "crime of violence" under U.S.S.G. §2L1.2(b)(1)(A)(ii). The Court concluded that the guideline range was 30-37 months and sentenced the Defendant to serve a term of imprisonment of 30 months. (ECF No. 33).

On June 21, 2013, the United States Supreme Court issued an opinion concluding that the district court may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the prior crime of which a defendant had been convicted has a single, indivisible set of elements abrogating the approach of the Court of Appeals for the Ninth Circuit.[1] *United States v. Descamps*, _U.S._, 133 S.Ct. 2276 (2013).

On July 1, 2013, Defendant filed a motion to modify, correct or amend sentence "pursuant to Rule 3[5][2] of the Federal Rules of Criminal Procedure and the Sixth Amendment of the United States Constitution and Title 28 USC 2255." (ECF No. 34). Defendant asserts that "[u]nder the *Descamps* decision, the United States Supreme Court denounced the very method used to determine in this instant case that Mr. ISIDORO's 288(c)(1) conviction was an aggravated felony. More importantly, when

---

[1] *U.S. v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir 2011).

[2] The Court cannot amend the judgment under Rule 35(a). *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1056 (9th Cir. 2011) ("[T]he fourteen day provision of Rule 35(a) is jurisdictional.").

applying the modified categorical approach using the method approved in *Descamps*, 288(c)(1) cannot ever be an aggravated felony under the generic definition of child sex abuse."  (ECF No. 34-1 at 2).

The Government subsequently "concedes that *Descamps* is retroactive and applies to the instant case."  (ECF No. 42 at 3).  The Government contends that a claim of error that is neither jurisdictional nor constitutional is not cognizable on collateral review unless it involves a fundamental defect which inherently results in a miscarriage of justice.  The Government contends that the Defendant is not entitled to relief under 28 U.S.C. § 2255(a) on the grounds that "a misapplication of the Sentencing Guidelines may result in a sentence that is erroneous, but a sentence is not illegal if it is within the statutory maximum authorized by Congress for the crime."  *Id*. at 4.  The Government assert that the sentence in this case is "well below the 20 year statutory maximum authorized by Congress for a violation of Title 8, United States Code, Section 1326(b)(2)."  *Id.*[3]

In reply, the Defendant contends that the application of the modified categorical approach to increase his sentence in this case violated his constitutional rights and that the misapplication of the sentencing guidelines resulted in a miscarriage of justice.

## RULING OF THE COURT

The Government concedes and this Court finds that the modified categorical approach, cannot be applied to determine whether the Defendant's 2009 prior conviction was a "crime of violence" under U.S.S.G § 2L1.2(b)(1)(A)(ii).  Defendant's 2009 prior conviction under Section 288(c)(1) "is categorically broader than the generic offense  of sexual abuse of a minor because it is missing one element of the generic crime, a 'sexual act.'"  *United States v. Castro*, 607 F.3d 566, 569 (9th Cir. 2010).  The

---

[3]The statutory maximum sentence of 20 years under 8 U.S.C. § 1326(b)(2) applies only where the Defendant" "removal was subsequent to a conviction for an aggravated felony."  8 U.S.C. § 1326(b)(2).

1  statute is not subject to the modified categorical approach as a divisible statute that sets

2  out one or more elements of the offense in the alternative. In *Descamps,* the United

3  States Supreme Court concluded the Sixth Amendment only permits the application of

4  the modified categorical approach to a predicate offense in which a divisible statute sets

5  out one or more elements of the offense in the alternative.  133 S.Ct. at 2288.  ("Our

6  modified categorical approach merely assists the sentencing court in identifying the

7  defendant's crime of conviction, as we have held the Sixth Amendment permits.").  The

8  Government having conceded "that *Descamps* is retroactive and applies to the instant

9  case" cannot avoid the error by claiming that it is a non-constitutional sentencing error.

10  (ECF No. 42 at 3).  The Court concludes that the claim of error in this case is

11  cognizable under 28 U.S.C. §2255.

12       It is hereby ordered that motion to modify, correct or amend sentence filed by

13  Defendant Luis Daniel Isidoro (ECF No. 34) is granted.  The Judgment filed on June

14  18, 2013 is vacated.  Counsel for the Government shall immediately writ the Defendant

15  to this district.  A sentencing hearing is scheduled for October 15, 2013 at 9 a.m..

16  Plaintiff and Defendant shall file sentencing materials by October 7, 2013.

17  DATED:  September 23, 2013

**WILLIAM Q. HAYES**
United States District Judge